## BENOIT V. MERLE, and SUSANA M. MERLE, his Wife v. FRANCIS DIXEY et als.

Governor's Grant of a Lot in a Pueblo.—A grant of a lot in a pueblo, made by a Governor of California before it was ceded to the United States, conveys no title to the grantee unless the same was presented to and confirmed by the Board of Land Commissioners.

Cases Affirmed.—*Leese* v. *Clark*, 18 Cal. 535 ; and *Steinbach* v. *Moore*, 30 Cal. 402.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment to recover possession of a lot in San Francisco. The plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*John B. Felton*, for Appellants.

*Gregory Yale*, for Respondents.

By the Court, Rhodes, J.:

The plaintiffs rely upon a Governor's grant to Guilliermo Hinckley, purporting to have been made in 1846, of a lot of land consisting of one hundred varas in length by fifty varas in width, situated in Yerba Buena. The papers, which they claim are copies of those which constitute the *expediente*, were rejected by the Court when offered in evidence, on the ground that the claim had not been presented to the United States

Board of Land Commissioners for confirmation, and they allege
that the ruling was erroneous, and rely upon this point for a
reversal of the judgment of nonsuit.   The case presents the
same questions that were very fully considered and decided in
*Leese* v. *Clark*, 18 Cal. 535, and which were again passed on
in *Steinbach* v. *Moore*, 30 Cal. 402, where the doctrine of
*Leese* v. *Clark* was affirmed.

The learned counsel for the plaintiff admits, very candidly,
that he "must, of course, avoid the authority and also the rea-
soning of *Leese* v. *Clark*."   On our part we as freely acknowl-
edge the force of some of his points, and would be disposed to
give them their just due was the conclusion to which they
tend an open question in this Court, but they do not take the
case out of the principles laid down in that case.   It is useless
to attempt to ascertain whether the Governor was a co-ordi-
nate distributing officer to the extent to which the municipal
powers go, or where the land goes in case of forfeiture for
non-representation of the claim under the Governor's grant to
the Board of Land Commissioners ; for, whatever might be the
answer to these questions, it has been determined that the
title acquired under the Governor's grant is taken, not under
the authority of the pueblo, but adversely to it, and that the
Board had jurisdiction of the claim under the provisions of the
eighth section of the Act of Congress of March 3d, 1851.

The dimensions of the lot, whether greater or less than a
*solar*, or of the same area, do not give character to the grant
as adverse or in subordination to the pueblo title, but that
question, as was held in *Leese* v. *Clark*, depends on the grant-
ing power.   In *Leese* v. *Clark* the land granted to two per-
sons consisted of two lots of one hundred varas each ; and in
this case the lot is fifty by one hundred varas, but we do not
understand that either in that case or in this the lots were of
the then recognized dimensions of *solares*.

Without passing on the other points presented by either
party, we are of the opinion that the case must be disposed of
on the authority of *Leese* v. *Clark* and *Steinbach* v. *Moore*.

Judgment affirmed.